**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**

**Case No. 3:26-CV-968**

SGL CARBON, LLC,

Plaintiff,

v.

SK SILTRON CSS, LLC,

Defendant.

## COMPLAINT

Plaintiff SGL Carbon, LLC ("SGL") files this Complaint against defendant SK Siltron CSS, LLC ("SK CSS") and alleges as follows:

## NATURE OF ACTION

1. SGL brings this action arising from SK CSS's failure to perform obligations owed to SGL including failure to pay SGL the amounts owed to it under the Supply Agreements (defined below).

## PARTIES

2. SGL is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business at 10715 David Taylor Drive, Suite 460, Charlotte, North Carolina 28262. SGL's sole member is SGL Beteiligung GmbH, which is located in Germany.

3. SK CSS is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 5300 11 Mile Road, Auburn, Michigan 48611.

4. SK CSS negotiated the Supply Agreement (defined below) with SGL's employees in North Carolina, and has at all material times communicated with SGL's employees, including employees located in North Carolina, regarding the Supply Agreement. The Supply Agreement was executed by employees located in North Carolina.

5. SK CSS registered to do business in North Carolina in November 2019, and, on information and belief, has at all relevant times continued to conduct business in North Carolina.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs and is between citizens of different states. There is complete diversity of citizenship between SGL and SK CSS.

7. This Court has personal jurisdiction over SK CSS.

8. Venue is proper in the United States District Court for the Western District of North Carolina under 28 U.S.C. § 1391, which makes a corporate defendant subject to suit in any District in which it is subject to personal jurisdiction, and also because, without limitation, a substantial part of the events giving rise to the claims occurred in this judicial district.

## GENERAL ALLEGATIONS

### A. The Sales Contracts

9. On December 22, 2022, SGL and SK CSS entered into a written Supply Agreement (the "Supply Agreement") for the supply of certain graphite products as specified in the Supply Agreement.

10. On September 1, 2023, SGL and SK CSS entered into the First Amendment to the Supply Agreement (the "First Amendment").

11. On December 1, 2025, SGL and SK CSS entered into the Second Amendment to the Supply Agreement (the "Second Amendment").

12. The Supply Agreement, the First Amendment and the Second Amendment are collectively referred to herein as the "Supply Agreements."

13. The Supply Agreements are minimum requirement "take or pay" contracts that remain in effect until December 31, 2026. The Supply Agreements contain estimates of the quantities of certain graphite products SK CCS would purchase from SGL and require minimum purchase obligations as set forth in the Supply Agreements. In the event that SK CSS fails to meet its minimum purchase obligations as set forth in the Supply Agreements, the outstanding agreed upon minimum purchase amount becomes immediately due and payable to SGL.

14. SGL's standard terms and conditions accompany all of its invoices submitted to SK CSS pursuant to the Supply Agreements, and include the following provisions relating to choice of law and choice of forum.

> 19. Choice of Law. This Agreement and any dispute or claim relating to it shall in all respects be governed by and construed according to the laws of the State of North Carolina, excluding its conflict of law principles.
>
> 20. Choice of Forum, Venue, and Consent to Jurisdiction. Except with respect to an action instituted by Offeror for equitable relief, including, without limitation, an action for temporary or permanent injunctive relief, Offeree and Offeror agree that the General Courts of Justice of the State of North Carolina and the United States District Courts situated in Charlotte, North Carolina, shall constitute the exclusive forum(s) for the adjudication of any and all disputes or controversies arising out of or related in any way to the subject matter of this Offer, the Products or the relationship of Offeror and Offeree. Offeree and Offeror consent to the exercise of jurisdiction over them by such courts with respect to any dispute or controversy, and Offeree and Offeror waive any objection to the assertion or exercise by such courts of such jurisdiction.

15. Consistent with the ordinary course of business and the parties' customary dealings, SK CSS is required to provide to SGL monthly forecasts of what it expects to purchase as set forth in the Supply Agreements, and also to provide updates to forecasts for material changes or deviations from SK CSS's forecasts to SGL. SGL materially relies on SK CCS's forecasts and minimum order commitments, including in SGL's procurement of raw materials and allocation of its production capacity.

16. Pursuant to the Second Amendment, on December 8, 2025, SK CSS provided SGL a forecast for purchases by SK CSS in 2026. The amount of purchases forecast was $8,000,000.00.

## B. The Dispute

17. The Second Amendment provides as follows:

> "No later than June 1st of year 2026, Purchaser shall issue to Seller one or more purchase orders for a minimum total value of $8 million dollars for Products to be delivered and invoiced by December 31, 2026 ("**2026 Yearly Purchase Order**"). Such 2026 Yearly Purchase Order shall be fixed with respect to total volume in accordance with the terms of **Attachment B** which set forth the minimum yearly take-or-pay amounts per year. Seller will, based on its business plan and capacity, confirm all or any portion of such 2026 Yearly Purchase Order by issuing one or more Order Confirmations ("**2026 Yearly Order Confirmation**") which shall serve as Purchaser's volume commitment."

18. The Second Amendment further provides as follows:

> "As of April 30, 2025, SK forfeited its right to reimbursement of the remaining unreimbursed amount of the Down Payment pursuant to the terms set forth in **Attachment D**; such amount being equal to two million USD ($2,000,000.00) ("**Remaining CDP**"). Beginning in January 2026, Seller agrees to reinstitute Purchaser's right to payment of the Remaining CDP through reimbursement credits (as set forth in Attachment D) on invoices for shipments to fulfill the 2026 Yearly Purchase Order with delivery dates beginning on January 1 and after. In the event that a future supply agreement extension is mutually agreed to by the Parties, SGL is willing to consider applying any unreimbursed amount of the Remaining CDP to shipments under a 2027 Yearly Purchase Order starting on January 1, 2027. In the event Purchaser's 2026 Yearly Purchaser Order (1) is not placed by June 1, 2026, or (2) does not achieve the total minimum of $8 million dollars by June 1, 2026, Seller shall not be obligated to reimburse any unreimbursed amount of the Remaining CDP. Seller shall issue an invoice to Purchaser in the amount of either (1) $8 million dollars or (2) in the event Purchaser places 2026 Yearly Purchase Order which falls short of $8 million dollars, the deficit amount, as applicable, with such invoice being immediately due and payable."

19. As of June 1, 2026, SK CSS issued purchase orders to SGL totaling $790,034.00.

20. As a result of SK CSS's failure to submit the required agreed upon minimum purchase orders, and pursuant to the Second Amendment, SK CSS forfeited all its rights to reimbursement of its Remaining CDP to SGL.

21. Also as a result of SK CSS's failure to submit the required purchase orders, and pursuant to the Second Amendment, SK CSS is required to pay to SGL $8 million less the amount of purchase orders SK CSS actually placed and paid for in 2026.

22. As provided in the Second Amendment, on July 1, 2026, SGL issued an invoice to SK CSS in the amount of $7,209,966.00 (the "Invoice"), reflecting a credit for the $790,034.00 in purchase orders previously placed by SK CSS.

23. SK CSS thereafter cancelled $578,247.00 of its open purchase orders.

24. As a result of the cancellation and of SK CSS's failure to comply with the terms of the Second Amendment indicated above, the amount owed to SGL is $8 million, minus any payments made by SK CSS.

25. As of August 20, 2026, SK CSS paid SGL the amount of $211,787.00, leaving a balance due to SGL of $7,788,213.00.

26. SK CSS has failed to pay the remaining balance due to SGL.

27. SGL has performed all its obligations under the Supply Agreements and all conditions precedent to the initiation and maintenance of this action and under the Supply Agreements referenced herein have occurred.

## FIRST CAUSE OF ACTION
## (Breach of Contract)

28. SGL re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

29. This is an action for breach of contract and to recover a debt owed, in the amount of $7,788,213.00.

30. The Supply Agreements entered into between SGL and SK CSS are valid, legally enforceable contracts.

31. SK CSS has failed to perform its obligations under the Supply Agreements by its failure to pay amounts owed to SGL as set forth herein.

32. As a direct and proximate result of SK CCS's breach of contract, SGL has sustained damages in the amount of $7,788,213.00, exclusive of interest and costs.

**SECOND CAUSE OF ACTION (In the Alternative)**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

33. SGL re-alleges and incorporates by reference paragraphs 1 through 32 above as if fully set forth herein.

34. This Second Cause of Action is pled in the alternative to the First Cause of Action.

35. Implied in every contract, including the Supply Agreements, is a covenant of good faith and fair dealing that neither party will do anything to injure or destroy the right of the other party to receive the benefits of the agreement.

36. SK CSS breached the implied covenant of good faith and fair dealing by, among other things, providing SGL a forecast of $8,000,000.00 in purchases for 2026 on which SGL relied in allocating production capacity and procuring raw materials, and thereafter issuing purchase orders totaling only $790,034.00 and cancelling $578,247.00 of open purchase orders, thereby depriving SGL of the benefit of its bargain under the Supply Agreements.

37. As a direct and proximate result of SK CSS's breach of the implied covenant of good faith and fair dealing, SGL has been damaged in an amount not less than $7,788,213.00, exclusive of interest and costs.

**THIRD CAUSE OF ACTION (In the Alternative)**
**(Account Stated)**

38. SGL re-alleges and incorporates by reference paragraphs 1 through 37 above as if fully set forth herein.

39. This Third Cause of Action is pled in the alternative to the First Cause of Action.

40. On July 1, 2026, SGL issued and delivered the Invoice to SK CSS in the amount of $7,209,966.00, setting forth the amount due under the Second Amendment.

41. SK CSS received the Invoice, did not object to the Invoice within a reasonable time, and made a partial payment of $211,787.00 toward the amounts owed, thereby accepting the invoice, acknowledging the account and assenting to its correctness, and impliedly promising to pay the amount due under the Invoice.

42. An account was thereby stated between SGL and SK CSS, and SK CSS owes SGL the unpaid balance of the account, which SK CSS has failed and refused to pay.

43. As a direct and proximate result of SK CSS's breach of the implied covenant of good faith and fair dealing, SGL has been damaged in an amount not less than $6,998,179.60, exclusive of interest and costs

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SGL Carbon, LLC respectfully prays that this Court:

1. Enter judgment against SK CCS in an amount not less than $7,788,213.00, plus prejudgment interest accruing from the date of the breach at the contract amount of 1.5% per

month, or at the legal rate, and SGL's incidental and consequential damages to the maximum extent allowed by law;

2. Tax the costs of this action against SK CCS;

3. Award SGL its reasonable attorneys' fees to the extent allowed by law; and

4. Grant SGL all such other and further relief as the Court deems just and proper.

Dated: November 12, 2026

Respectfully submitted,

SHUMAKER, LOOP & KENDRICK, LLP

*s/ J. Douglas Grimes*
David H. Conaway (NC Bar #10648)
J. Douglas Grimes (NC Bar # 32699)
101 S. Tryon Street, Suite 2200
Charlotte, NC 28280
Telephone: 704.375.0057
dconaway@shumaker.com
dgrimes@shumaker.com

*Attorneys for Plaintiff SGL Carbon, LLC*